UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TERRENCE HAYES, | : | |
| Plaintiff, | : | Civil No. 08-0781 (JAG) |
| v. | : | |
| ROBERT VARCADIPANE, et al., | : | **MEMORANDUM AND ORDER** |
| Defendants. | : | CLOSED |

Plaintiff Terrence Hayes, a prisoner confined at Passaic County Jail in Paterson, New Jersey, seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.

---

[1] Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

1

28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action <u>in forma pauperis</u> unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this case, Plaintiff failed to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2). Specifically, Plaintiff's application is not signed.  <u>See</u> 28 U.S.C. § 1915(a)(1) (requiring the submission of an "affidavit"); Fed.R.Civ.P. 11(a) ("Every pleading, written motion, and other paper must be signed ... by a party personally if the party is unrepresented.")

In addition, the Complaint submitted by Plaintiff is unsigned.

THEREFORE, it is on this  21st  day of  February , 2008;

ORDERED that Plaintiff's application to proceed <u>in forma pauperis</u> is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed <u>In Forma Pauperis</u>; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a

filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include (1) either a complete in forma pauperis application, including an affidavit of indigence and six-month prison account statement, or the $350 filing fee, and (2) a signed copy of the Complaint; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, accompanied by (1) either a complete in forma pauperis application or filing fee, and (2) a signed copy of the Complaint, within the time allotted by this Court, the Clerk of the Court will be ordered to reopen this case; and it is finally

4

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.